IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 13 |
| Evangeline Lardizabal ) | Case No. 12-17868 |
| Debtor. ) | Judge: Schmetterer |
| ) | |
| Evangeline Lardizabal ) | |
| Plaintiff ) | |
| ) | Adversary No. 12-01754 |
| RBS Citizens, N.A. ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Amended Complaint have been taken as confessed against RBS Citizens, N.A. the following of fact and conclusions of law are made and will be entered:

1. The plaintiff is an individual residing at 3404 N. Page Avenue, Chicago, IL 60634.

2. RBS Citizens, N.A. is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on April 30, 2012 in the Northern District of Illinois, case number 12-17868.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. Plaintiff is the owner of real estate located at 3404 N. Page Avenue, Chicago, IL 60634 described as follows: Parcel ID #: 12-23-415-038-0000

7. The fair market value of the real estate is $150,000.00 pursuant to Exhibit A of the amended adversary complaint.

8. A first mortgage lien is currently held by Chase Bank in the amount of $280,000.00 pursuant to Exhibit B of the amended adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506 (d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $280,000.00, exceeds the value of the above real estate, $150,000.00.

11. Due to the junior mortgage lien, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See: Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

Signed: _____
Jack B. Schmetterer
FEB 1 9 2013

Prepared by: 2/15/13
James L. Hardemon
Attorney for Plaintiff
Legal Remedies Chartered
8527 S. Stony Island Avenue
Chicago, IL  60617
773-374-5288

2